COMPLAINT        Oral argument requested

**UNITED STATES DISTRICT COURT**

**Eastern District of Michigan**

Plaintiff,

**DANIEL LAIDLAW CAMERON, Pro Se**

Vs

Defendants,

Case: 2:10-cv-14098
Judge: Friedman, Bernard A
MJ: Hluchaniuk, Michael
Filed: 10-12-2010 At 03:23 PM
CMP DANIEL CAMERON V RIVERVIEW, CITY OF ET AL (SS)

**CITY OF RIVERVIEW**, is a municipal corporation, incorporated under the laws of Michigan and having a main office at 14100 Civic Park Drive, Riverview, Michigan  48193-7600

**MICHAEL HURLEY**, (City Prosecuting Attorney) in his individual and official capacity, believed to be a resident of Michigan and having an address of: 2915 Biddle Avenue, Suite 200, Wyandotte, Michigan, 48192

**DEAN WORKMAN**, (City Manager) in his individual and official capacity believed to be a resident of Michigan and having an address of:  C/O City of Riverview, 14100 Civic Park Drive, Riverview, Michigan  48193-7600

**DON GINESTET**, (Chief of Police) in his individual and official capacity believed to be a resident of Michigan and having an address of:  C/O City of Riverview, 14100 Civic Park Drive, Riverview, Michigan  48193-7600

**FRANK MANDERNACH**, (arresting officer) in his individual capacity believed to be a resident of Michigan and having an address of: C/O City of Riverview, 14100 Civic Park Drive, Riverview, Michigan  48193-7600

1

**ERIC THOME**, (assisting officer) in his individual capacity believed to be a resident of Michigan and having an address of: C/O City of Riverview, 14100 Civic Park Drive, Riverview, Michigan  48193-7600

**R. BEMIS**, (assisting officer) in his individual capacity believed to be a resident of Michigan and having an address of: C/O City of Riverview, 14100 Civic Park Drive, Riverview, Michigan  48193-7600


X _____

Daniel Laidlaw Cameron, Pro Se

30100 Summit Drive, Apartment 206

Farmington Hills, Michigan, 48334

(248)794-5129


## PRELIMINARY STATEMENT

1. Plaintiff, Daniel Laidlaw Cameron brings this civil rights action against The City of Riverview, City Prosecuting Attorney, City Manager, Police Chief and Police Officers, alleging that Plaintiff's constitutional rights were violated during a pretextual traffic stop that was without probable cause or reasonable articulable suspicion that plaintiff violated State law or was about to violate State law, constituting illegal search and seizure.

2

2. That there was a subsequent false arrest, false testimony by the arresting officer, false testimony by the assisting officer, false testimony by the prosecuting attorney and malicious prosecution.

3. That "When a law enforcement officer gives a false explanation for exercising his or her police power, the American public will justifiably perceive it as an abuse of power, and that perception will undermine the authority and credibility of law enforcement officers everywhere.  More importantly, when a court of law appears to put its stamp of approval on such police conduct, the American public will rightfully lose faith in the courts, and that loss of confidence will undermine our entire system of justice."  (Citation: Westlaw 213 F .3d 1023)

## JURISDICTION AND VENUE

4. This case arises under the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the United States of America and presents a federal question within this court's jurisdiction.

5. The court has the authority to reverse and remand the constitutional issue related to Michigan State District 27, (Wyandotte) Court Case Number 08-4142 and grant monetary damages under **42 U.S.C. Sec. 1983**.

6. Venue is proper in this district under **28 U.S.C. Sec. 1331**.

## STATEMENT OF FACTS

7. That on September 28, 2008, at approximately 1:27 a.m. Plaintiff was driving a silver, 4 door, 2004 Hyundai Sonata northbound from the Sportsman's Den Restaurant on a driveway which ended at the

3

intersection of Sibley Road and Valleyview Street. As the traffic light was green, Plaintiff initiated his left hand turn signal, made a normal turn and proceeded westbound on Sibley Road. An eastbound City of Riverview patrol car was waiting at the traffic light. Shortly after completing the turn, Plaintiff noticed red and blue flashing lights in the rear-view mirror, safely drove the vehicle to the side of the road and stopped.

8. That Officer Frank Mandernach stopped Plaintiff's vehicle without witnessing a traffic violation, without probable cause and without a reasonable articulable suspicion that Plaintiff had violated state law or was about to violate State law.

9. That the pretextual traffic stop, being without legal authority, constituted a violation of the Fourth and Fourteenth Amendments of the United States Constitution.

10. That Officer Mandernach was assisted by Officer Eric Thome, a junior probationary Officer.

11. That it is a reasonable inference based on fact that Officer Thome was in training and under the tutelage of Officer Mandernach.

12. That Plaintiff was illegally detained by Officers Mandernach, Thome and later Officer R. Bemis, questioned, given field sobriety tests and searched, both vehicle and body.

13. That Plaintiff was then arrested, vehicle impounded, administered a "Breathalyzer" test and incarcerated at the City of Riverview Police Station.

14. That the above referenced incident was described in Officer Mandernach's Case Report as follows: **"On 9-28-08 at approximately 01:27 hours, Ofcs. Mandernach and Thome were on patrol on E/B Sibley Rd. (Stopped for a red light at Valleyview St.). Ofc. Mandernach observed above vehicle leaving (N/B) the Sportsman's Den Restaurant and turning W/B onto Sibley Rd. When the vehicle turned left, it made an extremely wide turn, crossed the intersection, and bumped the median separating the East and West bound lanes of travel on Valleyview St. The vehicle then continued on, (nearly making a u-turn to get back to W/B Sibley Rd.) and almost struck the westernmost curb of Valleyview St. (at Sibley Rd.). Ofc. Mandernach executed a traffic stop with overhead lights (fully marked patrol car) and observed the above arrest (CAMERON) driving (lone occupant)...."** (Citation: Case Report Detail, Riverview Police Department, Case No. 2008-00006887)

15. That, in fact, Plaintiff did not make an **"extremely wide turn"**; did not **"cross the intersection";** did not **"bump the median";** the median actually separates the north and south bound lanes of Valleyview St.; did not **"nearly make a u-turn to get back to W/B Sibley Rd.";** and did not **"almost strike the westernmost curb of Valleyview St.".**

16. That the statements referred to in **Number 14** constitute falsifying a Police Report.

17. That The City of Riverview egregiously brought the charge of "Operating Under The Influence of Liquor" (OWI) against plaintiff in the 27th. District Court, (Wyandotte) Case No. 08-4142.

18. That Plaintiff retained Mr. William Colovus, Esq. and before Michigan State District Court Judge Randy Kalmbach pleaded not guilty.

19. That Mr. Colovus filed a motion to schedule an Evidentiary Hearing to dismiss the case based upon the illegality of the stop.

20. **That said Evidentiary Hearing took place on May 13, 2009.**

21. That, at which time Officer Mandernach, testifying under oath for the City of Riverview, further described the alleged "Turn" onto Valleyview Street/Sibley Road.  That it is a reasonable inference based on fact that the following summarizes his testimony:  The front passenger side tire of the vehicle **"barely cleared"** the curb and as the vehicle continued the turn, the **"passenger rear"** tire bumped the curb.  (Citation: Certified copy of Evidentiary Hearing, transcribed by Marcia Ann Tomkiewicz, Page 15, Numbers 9 through 21)

22. That Plaintiff, in fact, made a normal turn on Sibley road which was measured to be approximately 40 feet from the median referenced in **Number 14**.

23. That there is no basis in fact for the assertion referenced in **Number 21**.

24. That the assertion by Officer Mandernach referenced in **Number 21** constitutes false testimony under oath.

25. That Officer Mandernach also suggested that Plaintiff was driving

    **"without due care and caution or careless driving"**.

26. That there is no basis in fact for the assertions referenced in **Number 25**.

27. That the assertions by Officer Mandernach referenced in **Number 25**

    constitutes false testimony under oath.

28. That Judge Kalmbach relied on testimony referenced in **Numbers 21 and**

    **25** when denying Defendants motions to dismiss the case and to schedule

    a second hearing.

29. That Mr. Colovus made a motion for the case to be dismissed on the

    grounds that there was no legally justifiable reason for the stop and that

    Officer's Mandernach's testimony describing the incident was

    **"impossible"** and therefore the officer himself was not a credible witness.

    . (Citation: Certified copy of Evidentiary Hearing, transcribed by Marcia

    Ann Tomkiewicz, Page 19, Number 14 through Page 20, Number 1.)

30. That Judge Kalmbach denied the motion, stating that he found Officer

    Mandernach's testimony **"credible"**.

31. That Mr. Colovus asked the court for a second hearing that could be

    judged by the court **"in this type of a motion or a preliminary**

    **examination motion"**. . (Citation: Certified copy of Evidentiary Hearing,

    transcribed by Marcia Ann Tomkiewicz, Page 24, Numbers 1 through 6.)

32. That Judge Kalmbach denied Mr. Colovus motion by stating: **"Well, this**

    **isn't a felony, so we're not having a preliminary...exam."**. . (Citation:

Certified copy of Evidentiary Hearing, transcribed by Marcia Ann Tomkiewicz, Page 24, Numbers 7 through 16.)

33. That the prosecution did not provide Mr. Colovus, in advance, details of new information offered by Officer Mandernach in his testimony referenced in **Number 21**.

34. That said information was directly related to the constitutional violation, and no opportunity was given to the defense for a proper rebuttal.

35. That during the Rebuttal Argument by Michael Hurley, City of Riverview Prosecuting Attorney, the following statement was made: **"...I could totally foresee how somebody could come out of that bank (sic), overshoot the left turn, go up onto that area, and maybe realize that he had overshot; started to make a U-turn back and had the – passenger rear veh – tire hit that curb.  That's not impossible."** (Citation: Certified copy of Evidentiary Hearing, transcribed by Marcia Ann Tomkiewicz, Page 24, Number 24, Page 25, Number 1)

36. That it is a reasonable inference based on fact that Mr. Hurley was intending to describe the turn as referenced in **Number 21**.

37. That there is no basis in fact for the assertion referenced in **Number 35**.

38. That the assertion referenced in **Number 35** constitutes false testimony under oath by the City of Riverview, through it's Prosecuting Attorney.

39. That Judge Kalmbach relied on said false testimony, believing it as fact.

40. That based on said false testimony, Judge Kalmbach denied Defendant's motion to dismiss the case or to allow a second hearing to properly rebut the testimony of Frank Mandernach.

41. That Judge Kalmbach erred in not dismissing the case and abused the court's discretion by allowing evidence tainted as **"fruit of the poisonous tree"** at trial.

42. That Judge Kalmbach denied Plaintiff a **"full and fair opportunity"** to litigate his search and seizure claim.

43. **That day one of the Jury Trial took place on August 26, 2009.**

44. That during the trial, under questioning by Mr. Colovus, Officer Mandernach twice reiterated to the jury his description of the alleged **"Turn"** as referenced in **Number 21.** (Citation: Certified copy of Jury Trial, Excerpt testimony of Officer Thome and Officer Mandernach, transcribed by Marcia Ann Tomkiewicz, Page 52, Number 5 through Page 53, Number 11 and Page 58, Numbers 5 through 18)

45. That said assertion constitutes false testimony under oath.

46. That it was further determined from Officer Mandernach's testimony that plaintiff used his left hand turn signal; that headlights were turned on and properly functioning; that plaintiff was not speeding; did not weave and properly pulled over to the side of the road when the officers initiated their flashers. (Citation: Certified copy of Jury Trial, Excerpt testimony of Officer Thome and Officer Mandernach, transcribed by Marcia Ann Tomkiewicz, Page 54, Numbers 4 through 25.)

47. That it is a reasonable inference based on fact that Officer Mandernach did not see the vehicle slide or skid when making the turn.

48. That from Officer Mandernach's testimony it is a reasonable inference based on fact that the sole reason for the **"Stop"** was the alleged bumping of the curb with only the rear tire.

49. That Officer Thome also testified at the trial and stated that he observed the incident described in **Numbers 7 and 14** first hand.   (Citation: Certified copy of Jury Trial, Excerpt testimony of Officer Thome and Officer Mandernach, transcribed by Marcia Ann Tomkiewicz, Page 5, Numbers 6 through Page 6, Number 4.)

50. That it was determined from Officer Thome's testimony that at the time of the incident he had been with the Riverview Police Department for approximately 3 - 5 months; that this was his first permanent employment as a police officer; that he was on probation and therefore required to ride with a senior officer.  (Citation: Certified copy of Jury Trial, Excerpt testimony of Officer Thome and Officer Mandernach, transcribed by Marcia Ann Tomkiewicz, Page 4, Numbers 7 through 21.)

51. That it was determined from Officer Thome's testimony that Plaintiff's vehicle **"appeared"** to bump the curb but that he was not certain. (Citation: Certified copy of Jury Trial, Excerpt testimony of Officer Thome and Officer Mandernach, transcribed by Marcia Ann Tomkiewicz, Page 15, Number 19 through Page 16, Number 10.)

52. That there is no basis in fact for the assertion referenced in **Number 51**.

53. That the assertion by Officer Thome referenced in **Number 51** constitutes **false testimony under oath**.

54. That Officer Thome witnessed a constitutional violation and failed to report said constitutional violation to City of Riverview Officials.

55. That Officer Thome was aware of false testimony by Officer Mandernach at the time of the trial.

56. That Officer Thome failed to report said false testimony to the proper authority.

57. **That, day two of the jury trial took place on October 14, 2009.**

58. That, Jonathan R. Crane, Professional Engineer, appeared as a witness for the defense and testified that he had been apprised of officer Mandernach's description of the alleged incident and that he interviewed the Plaintiff.  It was also determined from his testimony that he tested Plaintiff's vehicle at the intersection in question and was unable to duplicate Officer Mandernach's description of the turn as referenced in **Number 21**.  He further testified:  "So the car goes around a curve, the front tire goes out, the rear tire tracks inside."  (Citation: Certified copy of Jury Trial, Excerpt testimony of Jonathan Crane, transcribed by Marcia Ann Tomkiewicz, Page 8, Number14 through Page 12, Number 20.)

59. Consequently, since the rear of the vehicle did not slide or skid, the only possible way the rear tire could have bumped the curb is if the front tire had first bumped the curb.  (Citation: Certified copy of Jury Trial,

Excerpt testimony of Jonathan Crane, transcribed by Marcia Ann
Tomkiewicz, Page 12, Numbers1 through 12)

60. That it was determined from Mr. Crane's testimony that the incident as
described by Officer Mandernach was a physical impossibility.

61. That it is a well known engineering fact that the rear wheels of all
commercially available four wheel passenger vehicles track in the same
way as described in **Number 58**. (Citation: Transportation and Traffic
Engineering Handbook, Institute of Traffic Engineers, page 610)

62. That Michael Hurley, City of Riverview Prosecuting Attorney stated in his
closing remarks**: "He made a U-turn.  He – in making that turn, he
caught the rear curb of the veh – of the – with - with the tire.  To me,
that's – that's not – and with all due respect to Mr. Crane, that is not
an impossibility.  I ask you to put your common sense to it.  I would
imagine most of you have done something like that during the
course of years driving."**  (Citation: Certified copy of Jury Trial, Excerpt
of closing / rebuttal arguments by Mr. Hurley, transcribed by Marcia Ann
Tomkiewicz, Page 4, Number 16 through Number 23.)

63. That it is a reasonable inference, based on fact that Mr. Hurley intended to
state the following in his first and second sentences: He made a U-turn
and in making the turn, he caught the curb with the rear tire of the vehicle.

64. That it is a reasonable inference, based on fact that Mr. Hurley
intentionally deceived the jury into believing that Mr. Crane was not a
credible witness.

65. That the statement referenced in **Number 62** constitutes false testimony under oath by the City of Riverview, through it's Prosecuting Attorney.

66. That the above referenced statement was said directly to the jury.

67. That the jury relied on the above referenced false testimony to decide a verdict of guilty.

68. That it was determined from Officer Mandernach's testimony at trial that a fully functional video camera was in the above referenced patrol car at the time of the stop.

69. That said video camera would have provided a complete visual record of the incident described in **Number 7**.

70. That neither Officer Mandernach nor Officer Thome activated said video equipment prior to or during the incident described in **Number 7**.

71. That it was also determined from Officer Mandernach's testimony that the above referenced video equipment was automatically activated and remained on for the entire period that the overhead lights were flashing.

72. That the City of Riverview knowingly and deliberately destroyed the above referenced video record prior to trial constituting **destruction of evidence**. (Citation:  Numbers 68 through 71 are based on Plaintiff's recollection of assertions made at the Jury Trial by Officer Mandernach.)

73. That there was a direct causal relationship between the illegal stop and the exploitation of said illegality to obtain evidence.

74. That the evidence, being tainted by the illegal traffic stop, was therefore **"fruit of the poisonous tree"** and legally inadmissible in court and should have been suppressed.

75. That as a direct result of illegally obtained, "tainted" evidence, the jury rendered a verdict of guilty.

76. That a 10 year veteran of the City of Riverview Police Department committed a constitutional violation.

77. That the above referenced violation was in plain view of a junior, probationary officer in training and that this act communicated a complete disregard for the constitutional rights of motorists and was evidence of a City of Riverview custom and part of a City of Riverview training program.

78. That the Riverview Police Department training program is not only inadequate to the tasks that officers are expected to perform, but actually encourage officers in training to violate the constitutional rights of motorists.

79. That the inadequacy of the training program is the result of a deliberate indifference by the City of Riverview to the constitutional rights of motorists.

80. That the inadequacy of the training program is not only closely related, but actually caused Plaintiff's injury.

81. That a Constitutional violation by a City of Riverview Police Officer was raised at the Evidentiary Hearing.

82. That the City of Riverview was therefore obligated to investigate the violation and independently determine if there was a factual basis for the stop.

83. That, even a minimal investigation, such as a phone call to an Accident Reconstruction Specialist or the testing of any vehicle at an appropriate location or even testing a toy car with moveable front wheels. All would have disproved Officer Mandernach's description of the turn.

84. That no physical evidence existed to support Officer Mandernach's report of the alleged incident.

85. That the City of Riverview had over five months from the time of the Evidentiary Hearing to the Trial to conduct an investigation.

86. That no investigation by the City of Riverview took place, further communicating a complete disregard for the Constitutional rights of motorists and evidence of a City of Riverview Custom.

87. That this custom was the moving force behind the constitutional violation.

88. That the City of Riverview Charter states:  "The attorney shall prosecute all ordinance violations and he shall conduct for the city such cases in court and before other legally constituted tribunals as the council may request. He shall file with the clerk copies of all records and files relating thereto as the council may direct".

89. That accordingly, the City Attorney speaks for the City of Riverview when in court and prosecuted this case by authority delegated to him by the City

Charter, the Mayor, and the City Council on behalf of the City of Riverview.

90. That the City of Riverview, through it's Prosecuting Attorney prosecuted this case with complete disregard for the Constitutional rights of motorists.

91. That Numbers 88 through 90 constitute the execution of a policy based upon the City of Riverview Charter.

92. That the above referenced policy represents a single decision by an official with final decision-making authority.

93. That the City of Riverview through it's Prosecuting Attorney, perjured itself under oath, in a court of law.

94. That said perjury by the City of Riverview, waives the city's right to Governmental Immunity.

**Causes of Action ("Counts")**

**Count 1:  Illegal Search and Seizure.**

95. The 4th Amendment to the United State's Constitution says: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated..." This amendment, part of the Bill of Rights, made applicable to the individual states through the 14th amendment Due Process clause as established by the Supreme Court in Mapp v. Ohio, 367 U.S. 643 (1961), says that citizens shall not be stopped in their cars, or otherwise without probable cause or reasonable suspicion to believe that a crime has been committed. This law was upheld by the Supreme Court in Delaware v.

Prouse where the Supreme Court held the 4th Amendment right to privacy outweighed the states desire to stop cars to check driver's licenses and registration cards

96. That because the "traffic stop" was executed without probable cause or reasonable suspicion, Plaintiff was deprived of a federal right by a person acting under the color of State law. (See U.S.C. 42 Sec. 1983) and that Plaintiff suffered incarceration, loss of reputation, loss of pay, emotional distress and other significant damages resulting from the deprivation of said right.

**Count 2:  False Arrest**.

97. Arrests may not be made, except on probable cause.  That subsequent false arrest, also without probable cause, violated Plaintiff's Fourth Amendment rights and suffered incarceration, loss of reputation, loss of pay, emotional distress and other significant damages which resulted from deprivation of said right.  (Dunaway v New York, 442 U.S. 200, 22-213, 99 S. Ct. 2248, 60 L. Ed.2d 824 (1979)

**Count 3:  False Testimony.**

98. Title 18 U.S.C.A. § 1621 codifies the common law of perjury.  In 1970, the scope of section 1621 was expanded by the enactment of 18 U.S.C.A. § 1623. Section 1623 changes the definition of intent from willfully offering false testimony to merely having knowledge that the testimony is false

99. That because Judge Randy Kalmbach relied on the false testimony of Officer Frank Mandernach and the City of Riverview Prosecuting Attorney,

Michael Hurley at the Evidentiary Hearing, Mr. Colovus' motion to dismiss the case was denied. That said false testimony resulted in plaintiff suffering incarceration, loss of reputation, loss of pay, emotional distress and other significant damages. That because at trial, the jury relied on false testimony by Officers Frank Mandernach, Eric Thome and City Prosecuting Attorney, Michael Hurley which lead to a verdict of guilty, Plaintiff suffered incarceration, loss of reputation, loss of pay, emotional distress and other significant damages.

**Count 4: Malicious Prosecution.**

100. Criminal prosecution except upon probable cause is a violation of the Fourth and Fourteenth Amendment. (Albright v. Oliver, 92-833, 510 U.S. 266, 1994) That because criminal prosecution was without probable cause, Plaintiff suffered incarceration, loss of reputation, loss of pay, emotional distress and other significant damages.

101. Wherefore, Plaintiff demands money damages in the amount of **$1,121,972**

102. **Any further relief which the court may deem appropriate.**

103. The following is a financial breakdown of requested money damages:

$4,500 Legal fees

$675 Expert witness fees

$140 Reimburse Attorney for out of pocket costs.

$2,000 State of Michigan Driver Responsibility fees

$125 State of Michigan reinstatement fee

$246 Misc. court costs

$1,680 Fines & court costs

$1,041 Community service @ Plaintiff's rate of pay

$100 Towing

$1,977 Lost time at work @ Plaintiff's rate of pay

$882 Mileage

$2,418 Misc @ Plaintiff's rate of pay

$988 Incarceration @ Plaintiff's rate of pay

$15,000 Auto Insurance ($3000 X 5 yrs)

$5,200 Time to prepare federal case @ Plaintiff's rate of pay

**$36,972 Sub Total**

$30,000 Loss of reputation at work & limitation on future employment

$45,000 Emotional distress

$10,000 Loss of driving privileges

**$85,000 Sub Total**

$1,000,000 Punitive Damages

**$1,121,972 Grand Total**

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

County in which action arose  Wayne

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Daniel Laidlaw Cameron, Pro, Se

## DEFENDANTS

City of Riverview; Michael Hurley; Dean Workman; Don Ginestet; Frank Mandernach; Eric Thome; R. Bemis

**(b)** County of Residence of First Listed Plaintiff  Oakland
(EXCEPT IN U.S. PLAINTIFF CASES)

30100 Summit Dr. Apt. 206
Farmington Hills MI 48334

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

County of Residence of First Listed Defendant  Wayne
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sec. 1983
Brief description of cause:
Fourth Amendment, Civil Rights, Search and Seizure

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $  1,121,972    CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____  DOCKET NUMBER _____

DATE
October 3, 2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# PURSUANT TO LOCAL RULE 83.11

1.　　　Is this a case that has been previously dismissed?

☐ Yes
☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.　　　Other than stated above, are there any pending or previously
　　　discontinued or dismissed companion cases in this or any other
　　　court, including state court? (Companion cases are matters in which
　　　it appears substantially similar evidence will be offered or the same
　　　or related parties are present and the cases arise out of the same
　　　transaction or occurrence.)

☒ Yes
☐ No

If yes, give the following information:

Court: _27th. District Court, Wyandotte, Michigan_____

Case No.: _08-4142_____

Judge: _Randy Kalmbach_____


Notes :