UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL LAIDLAW CAMERON,                    Case No. 10-14098

               Plaintiff,             Bernard A. Friedman
vs.                                        United States District Judge

CITY OF RIVERVIEW, *et al.*,               Michael Hluchaniuk
                                           United States Magistrate Judge

               Defendants.
_____/

## REPORT AND RECOMMENDATION
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt.16)

## I.    PROCEDURAL HISTORY

In this case, plaintiff filed a complaint on October 12, 2010, pursuant to 42

U.S.C. § 1983, against defendants, the City of Riverview, Michigan, located in

Wayne County, Riverview's City Manager, Prosecutor, Chief of Police, and three

city police officers, alleging an illegal search and seizure arising from a traffic stop

at 1:30 a.m. on September 28, 2008 that resulted in a false arrest.  (Dkt. 1).

Plaintiff claims that in the resulting state district court trial, the defendants

perjured themselves with  false testimony and the defendants, in the face of a lack

of evidence for probable cause, maliciously prosecuted the criminal case against

him.  (Dkt. 1).  Plaintiff seeks damages for the defendants' violation of his

constitutional rights.  (Dkt. 1).

District Judge Bernard A. Friedman referred this matter to the undersigned for all pre-trial matters on October 25, 2010. (Dkt. 8). Plaintiff voluntarily dismissed defendant R. Bemis on October 26, 2010 and the remaining defendants filed an answer to the complaint on November 23, 2010. (Dkt. 9, 13). Defendants filed a motion for summary judgment on February 7, 2011. (Dkt. 16). Plaintiff then filed a motion to amend the complaint on February 23, 2011, which the court ordered would not be accepted until an amended complaint was submitted. (Dkt. 18, 20). Defendants filed a response to the plaintiff's motion to amend on March 15, 2011 and a reply to the plaintiff's response to defendants' motion for summary judgment on March 17, 2011. (Dkt. 22, 23). Plaintiff finally filed his response to defendants' motion for summary judgment on March 21, 2011 and the potential amended complaint on the same day. (Dkt. 24, 25). The Court ordered the defendants to file a response to the plaintiff's motion to amend the complaint and the defendant's filed the response on March 29, 2011. (Dkt. 26, 28). Plaintiff then replied to the response to the motion for an amended complaint on April 15, 2011 and filed a motion to extend the discovery deadline the same day. (Dkt. 29, 31). Defendants filed a response to plaintiff's motion to extend the discovery deadline on April 25, 2011. (Dkt. 32). Plaintiff then filed a motion for summary judgment on May 12, 2011. (Dkt. 33). Plaintiff filed an amended motion to extend the discovery deadline on May 18, 2011. (Dkt. 18). Finally, the

Report and Recommendation
Motions for Summary Judgment
*Cameron v. City of Riverview*; Case No. 10-14098

defendants filed a response to the amended motion to extend the discovery deadline on May 19, 2011.  (Dkt. 35).

For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motion for summary judgment be **GRANTED**.

## II.   FACTUAL BACKGROUND

Plaintiff limits his assertions in his complaint to the following violations of his constitutional rights occurring during the traffic stop at issue and the subsequent evidentiary hearing and jury trial: (1) that the officers' actions constituted an illegal search and seizure because there was no probable cause or reasonable suspicion to believe a crime had been committed when they pulled plaintiff over; (2) that the officers falsely arrested plaintiff because there was no probable cause; (3) that defendants submitted false testimony before and during the trial because they knew their version of the events surrounding the traffic stop were false; and (4) that there was a malicious prosecution by defendants in the face of no evidence for probable cause.  (Dkt. 1, pp. 16-18).

Defendant's motion for summary judgment and plaintiff's complaint recount the events giving rise to the action.  At approximately 1:30 a.m., Officer Frank Mandernach, a 10 year veteran of the Riverview Police Department, and Officer Eric Thome, a new hire to the department, were performing road patrol and stopped at a red light at the intersection of eastbound Sibley Road and Valleyview,

near the Sportsmen's Den.  (Dkt. 16).  As the officers were waiting at the light,

they observed a silver Hyundai, later determined to be driven by plaintiff, driving

northbound out of the Sportsmen's Den.  *Id*.  Officer Mandernach gave the

following testimony regarding what occurred next during an evidentiary hearing:

> We observed the [Hyundai] do a wide turn. There's a
> median that divides lanes of travel on Valleyview. The
> vehicle actually went past Sibley, partially striking the
> median; continued the wide turn, almost struck the
> westernmost curb of Valleyview; and then went
> westbound on Sibley Road.

*Id*.  On cross-examination, the officer further testified that it was Plaintiff's back

passenger tire that made contact with the median.  *Id.*  Officer Mandernach

described plaintiff's driving as "extremely erratic" and testified that he had never

seen a vehicle effectuate a turn that wide from the Sportsmen's Den.  *Id.*  Given

the erratic driving he observed, Officer Mandernach felt there was a basis for a

citation of driving without due care and caution or careless driving, and also

suspected the operator of the vehicle may have been drinking.  *Id.*  Consequently,

Officer Mandernach effectuated a traffic stop of plaintiff's vehicle.  *Id.*  Plaintiff

alleges, however, that while driving northbound at the intersection of Sibley Road

and Valleyview Street "as the traffic light was green, plaintiff initiated his left

hand turn signal, made a normal turn and proceeded westbound on Sibley Road."

(Dkt. 1, p. 4).  Plaintiff claims that he was stopped shortly thereafter by

Mandernach and Thome without them witnessing a traffic violation, probable cause for the stop, or with reasonable suspicion that the plaintiff had violated State law or was about to violate State law, thus, negating any constitutional reason for the traffic stop. *Id.*

Officer Mandernach approached plaintiff's vehicle and asked for his driver's license, registration and proof of insurance. (Dkt. 16). After a few minutes, plaintiff was able to produce the requested documents. *Id.* Officer Mandernach and Officer Thome testified they could smell the odor of intoxicants emanating from the vehicle and asked plaintiff if he had been drinking. *Id.* Plaintiff's speech was slurred and he admitted to consuming a couple of alcoholic beverages. *Id.* At that point, Officer Mandernach asked him to participate in a series of field sobriety tests. They also claimed that plaintiff was unable to recite his alphabet without stopping; was unable to follow the officer's instructions to count down from 100 to 88 and stop, without saying the number 91 (plaintiff continued to number 74); was unable to raise one leg six inches above the ground while keeping his arms at his side and pointing his foot straight out in front of him while counting aloud; and was unable to walk heel-to-toe in a straight line. *Id.* Noting that, in addition to failing all of these field sobriety tests, plaintiff's eyes were bloodshot and glassy, it was Officer Mandernach's belief that plaintiff's ability to operate a motor vehicle was impaired by his admitted consumption of

intoxicants.  *Id*.

Officer Mandernach read plaintiff his preliminary breath test rights and plaintiff consented to the test.  *Id.*  He registered a .141 BAC, well above the .08 legal limit to operate a vehicle in Michigan.  *Id.*  Officer Mandernach advised plaintiff that he was under arrest and transported him to the Riverview Police Department.  *Id.*  In the processing room of the police station, Officer Mandernach, a certified DataMaster operator, read plaintiff his chemical breath test rights.  *Id.*  Plaintiff consented to the test and registered two results of .12.  *Id.* Mr. Hurley was acting as a prosecutor for the City when he authorized a warrant against plaintiff for the offense of Operating While Intoxicated (OWI) relating to the events of September 28, 2008.  *Id.*  Mr. Hurley represented the People of the City of Riverview at both the evidentiary hearing and State District Court trial on plaintiff's OWI charge.

Plaintiff was represented by defense counsel, Bill Colovos, throughout the criminal proceedings.  Mr. Colovos filed a motion to dismiss charges for failure of police to observe any illegal driving pattern or specific legal identifiable reason to warrant a stop of defendant and his vehicle on plaintiff's behalf in an effort to challenge the legality of the traffic stop by Officers Mandernach and Thome.  *Id.* An evidentiary hearing was held before Judge Randy Kalmbach in the 27th District Court in Wyandotte on May 13, 2009.  *Id.*  Plaintiff attempted to prove to

the court that the stop was pre-textual and illegal in an effort to have the associated OWI charge dismissed.  During that hearing, Officer Mandernach testified as to what he observed plaintiff's vehicle doing just before the traffic stop, as described above, and plaintiff's counsel had full opportunity to cross-examine him regarding this testimony.  *Id.*

Plaintiff's attorney maintained that Officer Mandernach could not have observed plaintiff's vehicle travel in the path he described.  *Id.*  He further argued that it was impossible that "Mr. Cameron was making a left hand turn . . . and made a U-turn prior to and struck that curb or rubbed up against the curb . . . and still continued making a left-hand turn and without striking the curb, coming close only . . . ."  *Id.*  The Court found plaintiff's attorney's argument unpersuasive and ruled that the traffic stop was valid, denying the motion to dismiss.  *Id.*

A jury trial commenced on August 26, 2009.  The prosecution called Officer Mandernach and Officer Thome to testify regarding the traffic stop, arrest and DataMaster results that was administered to plaintiff on September 28, 2008.  *Id.* With regard to plaintiff's traffic violation, Officer Thome testified that he happened to view plaintiff's vehicle "appeared to strike the curb--or the--like a median island at Valleyview, and then it came back onto Sibley Road, almost striking the westernmost curb of Valleyview, and then proceeded westbound on Sibley Road."  *Id.*  Officer Mandernach testified consistently with the account he

gave during the May 13, 2009 evidentiary hearing.  *Id.*

Plaintiff testified in his own defense, disputing that he violated any traffic law on the evening in question, specifically disputing the testimony that his back wheel hit the curb of the median, and that there was anything unusual about the turn onto Sibley Road whatsoever.  *Id.*  Plaintiff also challenged that there was probable cause for his arrest, denying that he failed any of the field sobriety tests, except for reciting the alphabet.  *Id.*  He claimed that, although he did not volunteer information about his Attention Deficit Disorder and dyslexia to the officers, it affected his ability to perform the field sobriety tests.  *Id.*  He further alleged that he told officers that he had a sore knee from a thirty-five-year-old injury that affected his ability to perform the tests.  *Id.*  Plaintiff also challenged the way in which Officer Mandernach administered the DataMaster and the accuracy of the results.  *Id.*

Plaintiff called Jonathan Crane, a civil engineering traffic expert, who told the jury that he drove plaintiff's Hyundai through the intersection where Officer Mandernach saw the rear wheel hit the curb of the median.  *Id.*  He testified that for the rear wheel of the vehicle to hit the curb in the manner that Officer Mandernach described, the front wheel would have had to first make contact.  *Id.* Mr. Crane was emphatic that the event that led to plaintiff's traffic stop could not have happened as Officer Mandernach testified that it did.  *Id.*  Mr. Colovos

Report and Recommendation
Motions for Summary Judgment
*Cameron v. City of Riverview*; Case No. 10-14098

reiterated this point for the jury during his closing argument at trial:

> An expert that says - an engineering expert that says it's physically impossible of what happened or what the officer says happened. It's absolutely impossible . . . The front tire never hits it, literally impossible and then turn and come back up here without touching any of these curbs.

*Id.* The jury deliberated for twenty-one minutes before finding plaintiff guilty of Operating While Intoxicated. *Id.*

In this case, plaintiff alleges that defendant officers falsified the police report by stating that he had made an "extremely wide turn" and the plaintiff claims that he did not in fact "cross the intersection," "bump the median," or "nearly made a u-turn to get back to Sibley Road." *Id*. at 8-11. Plaintiff claims that in the evidentiary hearing, the defendant-prosecutor Hurley also gave false testimony when he stated that he could imagine a situation in which only the back passenger rear tire could hit the curb. *Id.* at 8. Plaintiff claims that he was not afforded a "full and fair opportunity" to litigate his search and seizure claim at the evidentiary hearing when denied a second hearing to further rebut the evidence of him allegedly striking the curb. *Id.* at 9. In the amended complaint, the plaintiff adds a request of relief, in addition to the compensatory and punitive damages, for the court to reverse his conviction and remand this matter to state court. (Dkt. 25).

III.    **ANALYSIS AND CONCLUSIONS**

A.    <u>Standard of Review</u>

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).  The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005), quoting, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005).  The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).  Under Federal Rule of Civil Procedure 56, a party asserting a fact that cannot be or is not genuinely disputed must support that assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored

information, affidavits or declaration, stipulations, admission, interrogatory

answers, or other materials; or a showing that the materials cited do not establish

the absence or presence of a genuine dispute or that an adverse party cannot

produce admissible evidence to support the fact.  Fed.R.Civ.P. 56(c)(1).[1]

   B.   Favorable Determination Requirement for § 1983 Actions

   Plaintiff's constitutional claims based on 42 U.S.C. § 1983 of illegal search

and seizure, false arrest, and malicious prosecution against any or all of the

defendants fails because plaintiff did not achieve favorable termination of the

criminal prosecution.  *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010).  The

*Heck v. Humphrey* doctrine is applicable and requires the following:

> [I]n order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for other
> harm caused by actions whose unlawfulness would

---

[1] Formerly, "Rule 56(e) require[d] that sworn or certified copies of all papers referred to in an affidavit must be attached to or served with that affidavit ... To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Johnson v. Memphis City Schools*, 2010 WL 1957267, *2 (W.D. Tenn. 2010), quoting, 10A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice & Procedure, § 2722, at 379-80 & 382-84 (1988). According to the Advisory Comments to the recent amendments, this specific requirement was omitted because as unnecessary given the requirement in subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record.  Comments, 2010 Amendments to Fed.R.Civ.P. 56, subdivision (c). Notably, the language changes have not changed the standard itself.  *Id*. ("The standard for granting summary judgment remains unchanged.").

> render a conviction or sentence invalid, a § 1983 plaintiff
> must prove that the conviction or sentence has been
> reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make
> such determination, or called into question by a federal
> court's issuance of a writ of habeas corpus.

*Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010), citing, *Heck v. Humphrey*,

512 U.S. 477, 484 (1994).  In *Heck*, the Supreme Court stated that actions

premised on § 1983 require the final adjudication of the criminal proceeding to be

decided in the favor of the accused in order to prevent the possibility of

contradictory resolutions of a claimant from succeeding in a tort action, yet being

convicted in the criminal action.  *Heck*, 512 U.S. at 484.  Essentially, "a claim of

damages bearing that relationship to a conviction or sentence [that] has not been

so invalidated is not cognizable under § 1983.  *Id*. at 487.  The *Heck* doctrine

requires that the § 1983 action must not be an attempt to invalidate the prior

conviction whereby the court must look to the claims raised by the § 1983 action

and the specific offenses for which the § 1983 claimant was convicted, and not to

the set of comparable facts between the § 1983 claim and the conviction.

*Schreiber*, 596 F.3d at 334, referencing, *Swiecicki v. Delgado*, 463 F.3d 489, 493

(6th Cir. 2006).

   In the instant case, plaintiff fails to establish, through the materials

presented to the court that can be used to defend against a motion for summary

judgment that the criminal conviction in state court, on which his § 1983 claim is premised, has been favorably terminated.  In fact, plaintiff appears to have made no attempt to appeal that conviction to the requisite state appellate court at all since the conviction.  Therefore, plaintiff's federal constitutional claims of illegal search and seizure, false arrest, and malicious prosecution against the City of Riverview, Michael Hurley, Frank Mandernach, and Eric Thome fail.

C.   Probable Cause

Despite the preclusive effect that the prior criminal conviction places on the plaintiff, in addition, plaintiff's allegations of false arrest, malicious prosecution, and illegal search and seizure fail because the police officers had probable cause for the traffic stop and arrest.  A police officer has probable cause when "the facts and circumstances known to the officer warrant a prudent man in believing that an offense had been committed."  *Miller v. Sanilac County*, 606 F.3d 240, 248 (6th Cir. 2010), quoting, *Henry v. United States*, 361 U.S. 98, 102 (1959).  Probable cause is a lower evidentiary hurdle than actually proving an alleged offense beyond a reasonable doubt because "probable cause is a reasonable ground for belief supported by less than prima facie proof but more than mere suspicion." *United States v. Blair*, 524 F3d 740, 748 (6th Cir. 2007).  The existence of probable cause depends on the perception of the officer who is confronted with a set of circumstances from which the officer must reach a conclusion about whether

an offense has been committed.  Therefore, if an officer has a good faith belief that certain facts exist and would establish an offense, then probable cause exists, regardless of whether there is an ultimate conviction or if it is later determined that the officer was mistaken.

In this case, even if plaintiff's version of the turn in question is accepted, it is still Officer's Mandernach and Thome's good faith belief about what happened that establishes probable cause even if they were mistaken about whether the back tire hit the curb or not.  Therefore, plaintiff's false arrest claim fails under federal law because it requires "a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff."  *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010), quoting *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005).  The malicious prosecution claims fails for the same reason. *Sykes*, 625 F.3d at 305.  While the illegal search and seizure claim fails because "so long as probable cause exists to justify an automobile search, the constitution permits officers to conduct a search the scope of which is commensurate with the facts supporting the existence of probable cause.  *United States v. Taylor*, 955 F.Supp. 763, 770 (E.D. Mich. 1997).  The blood alcohol testing was a reasonable response to the existing probable cause of possible impaired driving during the traffic stop.  A claim for illegal search and seizure requires "[(a) the plaintiff to be deprived of a right secured by the Federal Constitution or laws of the United

States, [(b)] the deprivation was caused by a person acting under color of state law, and [(c)] the deprivation occurred without due process of the law" *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994). The existence of probable cause for the search of the plaintiff during the traffic stop negates these elements.

In accordance with the above reasoning, plaintiff's allegations of false arrest, malicious prosecution, and illegal search and seizure fail because the police officers had probable cause for the traffic stop and arrest; therefore, the allegations against the City of Riverview, Michael Hurley, Dean Workman, Don Ginestet, Frank Mandernach, and Erich Thome fail.

D.    False Testimony

Plaintiff finally alleges that the officers gave false testimony during the state trial because it is allegedly impossible for the back tire of the car to hit the curb during the turn at issue. However, even taking the plaintiff's explanation at face value, the officers had no motive to fabricate their testimony nor is their apparent belief that the tire hit the curb inconsistent with their accounts of the traffic stop. Plaintiff's conclusory remarks that the officers have lied, without evidence to show the false character of their remarks, is not enough to survive a motion for summary judgment on this issue against the officers. *Arendale v. City of Memphis*, 519 F.3d 587 (6th Cir. 2008) ("Conclusory assertions, supported only by

Report and Recommendation
Motions for Summary Judgment
*Cameron v. City of Riverview*; Case No. 10-14098

Plaintiff's own opinions, cannot withstand a motion for summary judgment.");
*Travelodge Hotels, Inc. v. Govan*, 155 Fed.Appx. 235, 237 (6th Cir. 2005)
(holding that briefs which are "simply filled with conclusory allegations ... failed
to present sufficient evidence" to withstand summary judgment).  Moreover,
plaintiff also fails to establish in any way the elements required for a claim that the
prosecutor's failure to correct allegedly false testimony violated due process
rights: (1) the statement was actually false; (2) the statement was material; and (3)
the prosecution knew it was false.  *Rosencrantz v. Lafler*, 568 F.3d 577, 583-84
(6th Cir. 2009).  Plaintiff has proffered no evidence that the prosecution knew that
what the police officer offered at the evidentiary hearing and trial were false, nor
actual evidence beyond conclusory statements that the information proffered was
false at all.  Most significant of all is that the plaintiff was allowed to bring his
expert witness during trial and his explanation was fully proffered to the jury who
came back with a unanimous conviction after weighing the evidence and making a
decision with the plaintiff's explanation of the turn in mind.  Based on the
foregoing, the false testimony allegations fails against Frank Mandernach, Eric
Thome, Don Ginestet, Dean Workman, Michael Hurley and the City of Riverview
must fail.

     E.   <u>Insufficiency of Proposed Amended Complaint</u>

Although there is no specific mention of claims against Don Ginestet and

Dean Workman in both the original and proposed amended complaints, it was

most likely the plaintiff's intention that paragraphs 79-92 of the proposed

amended complaint apply to these two defendants.  (Dkt. 25).  However, plaintiff

addresses the allegations against Ginestet and Workman in his answers to motion

for summary judgment, which can be quickly addressed.  (Dkt. 24).  Since there

was probable cause for the arrest and there is no constitutional violation associated

with the traffic stop, therefore, the traffic stop cannot be used to show the

acquiescence of these two defendants to a history of constitutional violations.

Furthermore, there has been no evidence proffered by plaintiff leading to any

indication of a poorly-run training program to combat against such alleged

constitutional violations.

        Plaintiff's amended complaint does not provide any substantial additions to

the original submitted complaint, and thus does not solve the insufficiency of the

plaintiff's evidence beyond conclusory statements in response to the motion for

summary judgment.  (Dkt. 25).  The insufficiency of the evidence currently in the

pleadings and the plaintiff's near-total lack of discovery since the agreed-on

discovery deadline set during the telephonic scheduling conference on January 12,

2011 makes it hard to believe that an extension of that deadline will provide any

additional relevant information in support of the plaintiff's allegations, and

therefore, plaintiff's motion to extend discovery and motion to amend the

complaint will be denied via separate order.  (Dkt. 31).

## IV.    RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the

District Court **GRANT** defendant's motion for summary judgment.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and

Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health

and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of

Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  July 26, 2011                          s/Michael Hluchaniuk_____
                                              Michael Hluchaniuk
                                              United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on July 26, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: Holly S. Battersby, Margaret T. Debler and Randall A. Pentiuk, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Daniel Laidlaw Cameron, 30100 Summit Drive, Apt. 206, Farmington Hills, MI 48334.

                                              s/Darlene Chubb_____
                                              Judicial Assistant
                                              (810) 341-7850
                                              darlene_chubb@mied.uscourts.gov